IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard St., 3rd Floor<br>Baltimore, Maryland 21201<br><br>Plaintiff,<br><br>v.<br><br>GILBERT FOODS, LLC t/a HEARN-KIRKWOOD<br>7521 Standard Drive<br>Hanover, Maryland 21076<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission (hereinafter "the EEOC," "the Commission," or "Plaintiff") brings this action against Gilbert Foods, LLC t/a Hearn-Kirkwood (hereinafter "Hearn" or "Defendant") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Equal Pay Act of 1963 ("the EPA") to correct unlawful employment practices on the basis of sex, to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to remedy retaliation against Sonia Coates ("Coates"). As is alleged with greater particularity below, Defendant engaged in a longstanding pattern of discrimination against Coates, in violation of Title VII and the EPA, by paying her lower wages than those paid to her male counterparts despite performing equal work under similar working conditions. Moreover, Defendant retaliated against her in violation of the EPA and Title VII, by removing her from a

position that she met with great success, and thereafter, subjecting her to a campaign of written infractions, culminating in her termination, for complaining about her lower wages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1), (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, 29 U.S.C. § 215(a)(3), 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland Northern Division.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of, *inter alia*, Title VII and the Equal Pay Act, and is expressly authorized to bring this action by section 706(f)(1), (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3), and sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a Corporation doing business in the State of Maryland and the City of Hanover, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, on or about June 17, 2013, Coates filed with the Commission, Charge No. 531-2013-01778, alleging violations of Title VII and the EPA by Defendant. Thereafter, on or about May 6, 2014, Coates filed with the Commission, Charge No. 531-2014-01424 alleging retaliation in violation of Title VII and the EPA.

9. On or around October 20, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the EPA had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On or around April 27, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

14. Since at least September 2011, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by engaging in a continuous practice of suppressing the wages of Coates, a female employee occupying the position of order Selector, because of her gender. In particular:

    a. Defendant hired Coates as an order Selector in or around June 2007 at a rate of $12.50 per hour.

    b. The job duties of an order Selector include, without limitation, selecting and verifying merchandise for shipment, labeling products or services, and performing vehicle inspections.

    c. Coates's employment with Defendant ended in July 2008. At the time of her separation, Defendant paid Coates $12.75 per hour.

    d. Defendant rehired Coates as an order Selector in September 2011 at a rate of $11.00 per hour.

    e. At the time of her hire, in or around September 2011, Coates had nearly nine years of experience in food service product selection.

    f. With the exception of the last month of her employment in 2013, Coates was the only female nighttime order Selector.

g.   Several months after Defendant hired Coates, it transferred her to work as an order Selector in the freezer.

h.   In or around April 2012, Coates learned that several entry-level male order Selectors were hired and paid $11.50 per hour.

i.   In or around April 2012, Coates informed her supervisor, Dana Parker, that the newly hired male employees were paid more than her despite her experience, and requested an increase in her pay. Defendant increased Coates's pay to $11.50 per hour.

j.   In or around April 2013, Defendant hired Volkan Cakmakli ("Cakmakli"), a male with only one year of relevant experience, as an order Selector. Defendant paid Cakmakli $14.00 per hour. Cakmakli previously worked for Defendant as an order Selector from August 2008 to September 2009. Throughout his 2008 - 2009 tenure with Defendant, Cakmakli earned $14.00 per hour.

k.   In or around late April 2013, Coates learned that Defendant was paying Cakmakli more than her for performing equal work. Around the same time, Coates complained about her pay to several of her male counterparts, and informed them that she intended to file a charge with the Commission.

l.   In or around June 2013, Shipping Manager Jason Frantz informed Coates's supervisor, Damon Simms, that Defendant was aware that Coates filed or intended to file an EEOC charge, and that it needed to "get rid of her" while "making it look legitimate," or words to that effect.

m.   In or around September 2013, Defendant removed Coates from her position as an order Selector in the freezer and replaced her with a higher paid male employee. Coates was thereafter required to work as an order Selector outside of the freezer.

n.   For a period of approximately three months after Coates's removal, Defendant

subjected her to several oral and written warnings, as well as a suspension.

      o.      On or around December 23, 2013, Defendant terminated Coates's employment.

      p.      The effect of the practices complained of in paragraph 14 above deprived Coates of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex.

      15.      The unlawful employment practices complained of in paragraph 14 above were intentional.

      16.      Since at least September 2013, Defendant engaged in unlawful employment practices against Coates by retaliating against her in violation of 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by removing Coates from her position and thereafter subjecting her to heightened scrutiny and targeting her for discipline up to and including her discharge, for her earlier complaints of sex-based lower wages.

      17.      The unlawful employment practices complained of in paragraphs 14 and 16 above were done with malice or with reckless indifference to the federally protected rights of Coates.

## STATEMENT OF EQUAL PAY ACT CLAIMS

      18.      Since at least September 2011, Defendant violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Coates, a female order Selector, lower wages than those paid to her male counterparts, including, but not limited to, Cakmakli.

      19.      All order Selectors perform equal work, involving equal skill, effort, and responsibility, under similar working conditions. These duties include selecting and verifying merchandise for shipment, labeling products or services, and performing vehicle inspections.

      20.      As a result of the acts complained of above, Defendant unlawfully withheld the payment of wages due to Coates, who received lower compensation than male employees, including, but not limited to, Cakmakli, despite performing equal work under similar working

conditions.

21. Since at least September 2013, Defendant engaged in unlawful employment practices against Coates by retaliating against her in violation of §15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), by removing Coates from her position and thereafter subjecting her to heightened scrutiny and targeting her for discipline up to, and including, her discharge for her earlier complaints of sex-based lower wages.

22. The unlawful practices complained of in paragraphs 18-21 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and terms and conditions of employment, and from engaging in retaliation against employees who oppose practices made unlawful by Title VII and the EPA;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women with regard to pay and terms and conditions of employment and eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Coates by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and by providing her any other relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D. Order Defendant to make whole Coates by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs above, in amounts to be determined at trial;

E.   Order Defendant to make whole Coates by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, frustration, and humiliation, in amounts to be determined at trial;

F.   Order Defendant to pay Coates liquidated damages for its willful conduct described in the paragraphs above, in amounts to be determined at trial;

G.   Order Defendant to pay Coates punitive damages for its malicious and/or reckless conduct described in the paragraphs above, in amounts to be determined at trial;

H.   Grant such further relief as this Court deems necessary and proper in the public interest;

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

*[signature]*
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

*[signature]*
_____
CHIOMA CHUKWU
Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2730 (phone)
(410) 962-2221 (fax)
Chioma.Chukwu@eeoc.gov